## John Lawrence *versus* Henry Gifford *et al.*

A dwellinghouse standing within the highway, was conveyed by the defendants, on the condition that it should be taken " to some other place, removed from any location on the west side of the road, where it now stands, and between the southeast corner of the defendant's land and the plaintiff's house-yard, and unless said house is removed permanently as aforesaid between this date and the 25th day of March next, the said house shall be forfeited to the defendants." The house was removed in due time, and placed upon the plaintiff's close adjoining the west side of the road and situate between the corner and yard specified. It was *held*, that the condition did not mean merely that the building should not be removed to any other place *within* the road, and that the condition was broken.
*Held* also, that the condition was not unreasonable.
*Held* also, that the defendants had not waived the forfeiture, by receiving subsequently to it, the money due on the note of a third person which had been negotiated to them as the consideration of the conveyance.
A tender after action brought, for the damage occasioned by a trespass on the plaintiff's land, is not within *St.* 1830, *c.* 85, § 2. [See Revised St. *c.* 105, § 12, 13.]

TRESPASS for breaking and entering the plaintiff's close, and removing and carrying away therefrom a dwellinghouse belonging to him.

On a case stated it appeared, that on July 20, 1833, the defendants entered the plaintiff's close and removed a part of the wall dividing it from the highway, and removed a building valued at $30. On November 30, 1832, the building belonged to Henry Gifford and Elijah Gifford, two of the defendants. On that day the Giffords sold the house to William Mingo, his heirs and assigns, by a bill of sale, signed and sealed by them and by Mingo, in consideration whereof Mingo covenanted to pay them $30, and to remove the house, or cause it to be removed, " from the site where it now stands to some other place, removed from any location on the west side of the road, where it now stands, and between the following places, to wit, the southeast corner of said Giffords' land and John Lawrence's house-yard ; and unless said house is removed permanently as aforesaid between this date and the twenty-fifth day of March next, the said house shall be forfeited to the said H. and E. Gifford, and shall become their property to all intents and purposes, as if this contract and instrument, the evidence thereof, had not been made. And

the parties to this agreement respectively bind their legal representatives to perform all the covenants, agreements and conditions herein contained, as well as themselves." Mingo had previously paid $1·50 as part of the purchase money, and for the balance the Giffords took the note of one Howland, payable on March 25, 1833. Mingo, by a bill of sale dated December 1, 1832, conveyed the building to the plaintiff. At that time it stood in the highway, bounding the plaintiff's close on the east side, and on the west side of the way. Before the 25th of March the building was removed from the highway and placed within the plaintiff's close, between his house-yard and the southeast corner of the Giffords' land. On March 25, 1833, the purchase money was paid to the Giffords by Howland upon his note. The building remained in the occupation of the plaintiff, until removed by the defendants. The plaintiff knew the conditions of the bill of sale to Mingo, having heard it read at the time of execution.

After committing the acts complained of, the defendants tendered the plaintiff $1·50 in full of the damage done by them, with the costs. The building was worth $30.

If in the opinion of the Court the property in the building was in the plaintiff, the defendants were to be defaulted and judgment rendered for the plaintiff for $31·50. If the property was not in the plaintiff, the defendants were to be defaulted and judgment rendered for the plaintiff for $1·50 ; unless the tender barred the action, in which case the plaintiff was to become nonsuit ; it being agreed that the damage done, independently of the removal of the building, did not exceed the sum tendered.

*Warren* and *Eliot*, for the plaintiff.

*Coffin* and *Clifford*, for the defendants, cited *Gray* v. *Blanchard*, 8 Pick. 284.

*Per Curiam.* This case presents the questions, whether the house was the property of the plaintiff; and if not, then whether the defendants, H. and E. Gifford, being the owners of it, had a right to enter the plaintiff's close to remove it. The agreement of the parties however renders it unnecessary o consider the second question.

It cannot be doubted, that the bill of sale from H. and E.

Lawrence<br>*v.*<br>Gifford.

*Oct 20th*

*Oct. 23a*

Lawrence
v.
Gifford.

Gifford to Mingo passed the property at the time ; but it con tained a condition, and the defendants allege that the condi tion has not been performed, and that in consequence the property was forfeited and revested in the former owners. This condition is, that the house shall be removed " from the site where it now stands to some other place, removed from any location on the west side of the road, where it now stands, and between the following places, to wit, the southeast corner of said Giffords' land and John Lawrence's house-yard." The plaintiff removed it from the road, and put it upon his land westerly of the road and between the places designated in the condition. It is contended by the plaintiff, that the con tract means that the building should not be placed in the road, on the west side of it, but we think this is not the proper con struction of the language. A house said to be on the west side of a road, would not be supposed by any one to be within the road ; and if this building had been removed to another place within the road, it would not strictly speaking have been between the places designated in the condition. It is suggest ed that if it might not be placed in a close adjoining the west side of the road, it could not be placed anywhere within the State, west of the road. Whether this would be an unreason able restriction, need not be considered ; for we think the terms of the condition limit the parties to a reasonable distance on the west side of the road. It would seem that the building was not to be put on a place having communication with the road between the points specified. The setting it upon the plaintiff's close was, in our opinion, a violation of the condi tion, which revested the property in the former owners.

The plaintiff objects that the condition was unreasonable but we think it was such as a reasonable man might well im  pose. The house being worth only thirty dollars, would prob..bly be occupied by a class of persons who would not be desirable neighbours.

It is contended that the defendant, by receiving payment of Howland's note after the removal of the building, waived the forfeiture. But we think the doctrine of waiver does not ap ply. Here was a sale, and if the defendant had received payment in money at the time, it would not prevent his taking

advantage of a subsequent breach of the condition ; and the receiving the note of a third person may be regarded as a payment.

<em>Lawrence<br>v.<br>Gifford.</em>

Another question is whether the tender of $1·50, after action brought, in full of damages and costs, is a bar to the action. It is obvious that such a tender, in an action of trespass, cannot be effectual, unless it be so by virtue of *St.* 1830, *c.* 85, § 2. The provision is, that any person, " who may be sued upon any *debt*, or *demand payable in money*," may tender " to the *creditor*," before the entry of the action at court, the amount of such debt or demand, with interest thereon, and costs. This language is manifestly inappropriate and inapplicable to the unliquidated claim growing out of a trespass.

The plaintiff therefore will take judgment for $1·50 damages, and the legal costs.